**MICHAEL B. BIGELOW**
**Attorney at Law**
State Bar No. 65211
331 J Street, Suite 200
Sacramento, CA 95814
Telephone: (916) 443-0217
Email: LawOffice.mbigelow@gmail.com

Attorney for Defendant
Suvada Mahmutovic

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No: 2:14-CR-21 GEB |
| Plaintiff, | ) |
| vs. | ) **STIPULATION REGARDING** |
| | ) **EXCLUDABLE TIME PERIODS** |
| SUVADA MAHMUTOVIC, and | ) **UNDER SPEEDY TRIAL ACT;** |
| | ) **[PROPOSED] FINDINGS AND ORDER** |
| OMAR KABILJAGIC | ) |
| | ) Date: March 3, 2017 |
| Defendants. | ) Time: 9:00 a.m. |
| | ) Courtroom: GEB |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsel of record, hereby stipulate as follows:

1. By previous order, this matter is set for Trial Confirmation Hearing on September 9, 2016, and trial on September 26, 2016.

2. By this stipulation, defendants now move to continue the Trial Confirmation hearing until March 3, 2017, at 9:00

-1-

a.m., before the Honorable Garland E. Burrell Jr. and the jury trial until March 28, 2017 and to exclude time between the date of this stipulation, August 15, 2016, and March 28, 2017 under Local Code T4.  Plaintiff does not oppose this request.

    3.    The parties agree and stipulate, and request that the Court find the following:

        a.    The government has produced discovery associated with this case.

        b.    Counsel for defendants request additional time to review discovery, to conduct investigation and research related to the charges, to discuss potential resolutions with their clients, and to otherwise prepare for trial.

        c.    Counsel for defendant Omar Kabiljagic represents that because of his own schedule, it will be difficult, if not impossible for him to finish the investigation that Lisa Gara, his investigator, and he, both agree that they need to complete before we are ready for trial. That investigation includes interviews with at least three additional witnesses, one of whom is in Texas, and two of whom are in Southern California. In addition, counsel for Kabiljagic still must interview and prepare for trial those witnesses already identified and interviewed by Ms. Gar. As set forth below, the primary problem with proceeding to trial as scheduled is Ms. Gar's unavailability for trial. She has been on this case with

counsel from the very beginning, but because of other trials that she is on, will not only be unable to complete the necessary investigation, but she is indispensable for trial. She is currently scheduled to assist a pro per defendant who is beginning a one-week trial on the very day that this matter scheduled to begin our trial.  Ms. Gar is required to be present at that other trail because the defendant is *in pro per*.

Counsel for Suvada Mahmutovic represents that he requires additional investigation. The particular witness is currently in the custody of Bureau of Prisons at Leavenworth. The significance of that particular witness was determined following an interview with another federal prisoner the early part of this August at Terminal Island. Frank Huntington, Ms. Mahmutovic's investigator, has been working on making arrangements for an interview, but an appointment has not yet been scheduled. In addition, counsel has been involved in preparation for two day evidentiary hearing in the matter of *Holmes v. Miller*, scheduled to begin on August 22, 2016. In addition, counsel is involved in a number of complex Ninth Circuit matters, two with lengthy records, one of which has been ordered consolidated with other matters. These cases include *United States v. Palamarchuk*, United States v. McGowan and *United States v. Bonnett*.

Both counsel believe that failure to grant the above-requested continuance would deny them the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

   d. The government does not object to the continuance.

   e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between the date of the parties' stipulation, August 15, 2017 and the new jury trial on March 28, 2017, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

-4-

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the time period within which a trial must commence.

**IT IS SO STIPULATED.**

```
                                    PHILLIP A. TALBERT
                                    Acting United States Attorney

DATED: August 15, 2016              By: /s/ Mathew Morris
                                    Assistant United States Attorney


DATED: August 15, 2016              /s/ Michael B. Bigelow
                                    Counsel for Defendant
                                    Suvada Mahmutovic

DATED: August 15, 2016              /s/ Robert Holley
                                    Counsel for Defendant
                                    Omar Kabiljagic
```

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the representation of the parties and good cause appearing therefrom, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court

-5-

finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.  It is ordered that time beginning from the parties' stipulation on August 15, 2016, up to and including the March 28, 2017, jury trial date shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h) (7) (A) and (B) (iv) and Local Code T 4, to allow defense counsel reasonable time to prepare.

**IT IS SO ORDERED.**

Dated:  August 15, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge