UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0021-GEB |
| Plaintiff, | |
| v. | **PROPOSED VOIR DIRE, INITIAL JURY INSTRUCTIONS, DURING TRIAL JURY INSTRUCTIONS IF APPLICABLE, AND CLOSING JURY INSTRUCTIONS** |
| OMAR KABILJAGIC, | |
| Defendant. | |

Attached are the proposed Voir Dire, Initial Jury Instructions, During Trial Jury Instructions if Applicable, and Closing Jury Instructions.

Dated:  March 23, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

1  Dated:  March 23, 2017

2

3  _____

4  GARLAND E. BURRELL, JR.
   Senior United States District Judge

5

6

7            UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,          No. 2:14-cr-0021-GEB

11            Plaintiff,

12      v.                             **VOIR DIRE**

13  OMAR KABILJAGIC,

14            Defendant.

15

16          Good morning and welcome to the United States District

17  Court.   Thank you for both your presence and your anticipated

18  cooperation in the questioning process we are about to begin.

19  You are performing an important function in our legal system.

20          The court personnel who will assist me in this trial

21  are on the platform below me.   The Courtroom Deputy is Shani

22  Furstenau.   Next to her is the Certified Court Reporter.   Ms.

23  Furstenau please administer the oath to the prospective jurors.

24          We are about to begin what is known as voir dire.   Voir

25  dire consists of questions designed to provide the court and the

26  parties with information about each potential juror.   After

27  questioning is complete, the parties will exercise what is known

28  peremptory challenges.

2

1          1.   Counsel,   the   Jury   Administrator   has   already
2    randomly  selected  potential  jurors  and  their  names  are  on  the
3    sheet  you  have  been  given  in  the  order  of  the  random  selection.
4    Each  potential  juror  has  been  placed  in  his  or  her  randomly-
5    selected  seat,  and  has  given  each  juror  a  large  laminated  card  on
6    which  the  number  is  placed  that  depicts  the  order  in  which  the
7    juror was randomly selected.

8          2.   I  will  ask  the  potential  jurors  questions  as  a
9    group.   If  a  potential  juror  has  a  response,  he  or  she  shall
10   raise  the  laminated  card.   Generally,  you  will  be  given  an
11   opportunity  to  respond  in  accordance  with  the  numerical  order  in
12   which  you  are  seated,  meaning  the  juror  in  the  lowest  numbered
13   seat  will  respond  first.   If  no  card  is  raised,  I  will  simply
14   state  "no  response"  and  then  ask  the  next  question.   If  you  know
15   it  is  your  turn  to  respond  to  a  question,  you  may  respond  before
16   I  call  your  seat  number  by  stating  your  seat  number,  then  your
17   response.  That could expedite the process.

18         3.   If  a  potential  juror  concludes  a  question  unduly
19   pries  into  a  private  matter,  the  potential  juror  may  request  to
20   respond  out  of  the  earshot  of  other  potential  jurors.   I'm
21   authorized  to  try  to  protect  legitimate  privacy  interest,  but  may
22   ask  questions  in  the  area  that  you  indicate  a  desire  to  discuss
23   in  private  to  determine  whether  it,  or  any  aspect  of  the  matter,
24   should  be  responded  to  as  indicated.   This  approach  is  taken
25   because  the  trial  should  be  open  unless  I  have  a  legitimate
26   reason to close an aspect of it.

27         4.   The  presentation  of  evidence  and  closing  argument
28   portions   of   the   trial   are   expected   to   be   completed   in

1   approximately three weeks, after which the case will be submitted

2   to the jury for jury deliberation.    Trial will be conducted on

3   Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30

4   p.m.    However, once you commence jury deliberations, you will be

5   expected to deliberate every day except weekends until you

6   complete your deliberations.    Does the schedule pose a special

7   problem for any prospective jury?

8          5.    Counsel may make any desired introductions and the

9   government shall name anticipated witnesses it may call so it can

10  be determined whether any potential jury knows or has contact

11  with a person named.

12               a. Do you know and/or have you had contact with a

13  person just named?

14         6.    This is a criminal case in which the United States

15  alleges that on or about June 25, 2009, defendant Omar Kabiljagic

16  submitted to the United States two individual income tax returns,

17  one for tax year 2007 and one for tax year 2008, that contained

18  false information, which the defendant knew to be false, and that

19  the tax returns were submitted for payment of fraudulent tax

20  refunds.    The defendant has pleaded not guilty to these

21  allegations.

22         7.    In light of the allegations, does any potential

23  juror prefer not being a juror on this case?

24         8.    Is there any reason why you would not be able to

25  be a juror and or to or give your full attention to this case?

26         9.    Did you know about the allegations being tried

27  before you came into this courtroom?

28         10.    Is there anything about the allegations which

4

1  causes you to feel that you might not be a fair juror in this

2  case?

3        11.  Have you, any member of your family, or any close

4  friend been arrested for a crime or been the defendant in a

5  criminal case?

6        12.  Have you, any member of your family, or any close

7  friend worked for the Internal Revenue Service, California State

8  Franchise Tax Board, or Department of Treasury?

9        13.  Do you have any religious or moral objection to

10  sitting in judgment of another's conduct in a court of law?

11        14.  Have you ever served as a juror in the past, in

12  any capacity?

13              a. State whether it was a civil or criminal case,

14  and whether the jury reached a verdict, but do not state the

15  actual verdict reached.

16        15.  Would you tend to believe the testimony of a

17  witness just because that witness is law enforcement officer?

18        16.  Would you tend to disbelieve the testimony of a

19  witness just because that witness is law enforcement officer?

20        17.  You are required to apply the law I will give you

21  even if you believe a different law should apply.  If you cannot

22  agree to what I just said, please raise your hand.

23        18.  Do you have any difficulty with the rule of law

24  that a person charged with a crime is presumed innocent and need

25  not present any evidence, and the government at all times bears

26  the burden of proving guilt beyond a reasonable doubt?

27        19.  Do you have any problem with the rule of law that

28  a defendant need not testify on his own behalf, and that if a

1  defendant chooses not to testify, that factor may not be

2  considered by you in your deliberations?

3       20.  Please provide information that has not been

4  discussed which you think a trial participant would desire to

5  know?

6       21.  The Courtroom Deputy Clerk will give juror in seat

7  number one a sheet on which there is information we seek. Please

8  pass the sheet to a potential juror near you after you respond.

9         a. your name and educational background;

10         b.  the educational background of any person

11  residing with you;

12         c. your present and former occupations;

13         d.  the present and former occupations of any

14  person residing with you.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                          Plaintiff,

        v.

OMAR KABILJAGIC,

                          Defendant.

No. 2:14-cr-0021-GEB

**INITIAL JURY INSTRUCTIONS**

**INSTRUCTION NO. 1**

        Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some initial instructions.  At the end of the trial I will give you more detailed instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please to not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**INSTRUCTION NO. 2**

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which are received in evidence; and

      (3) any facts to which the parties agree.

**INSTRUCTION NO. 3**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO. 4**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 5**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NO. 6**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

12

**INSTRUCTION NO. 7**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not

1    to discuss the matter and to report the contact to the court.

2            Because you will receive all the evidence and legal

3    instruction you properly may consider to return a verdict:  do

4    not read, watch, or listen to any news or media accounts or

5    commentary about the case or anything to do with it, although I

6    have no information that there will be news reports about this

7    case; do not do any research, such as consulting dictionaries,

8    searching the Internet or using other reference materials; and do

9    not make any investigation or in any other way try to learn about

10   the case on your own.  Do not visit or view any place discussed

11   in this case, and do not use Internet programs or other devices

12   to search for or view any place discussed during the trial.

13   Also, do not do any research about this case, the law, or the

14   people involved——including the parties, the witnesses or the

15   lawyers——until you have been excused as jurors.  If you happen to

16   read or hear anything touching on this case in the media, turn

17   away and report it to me as soon as possible.

18           These rules protect each party's right to have this

19   case decided only on evidence that has been presented here in

20   court.  Witnesses here in court take an oath to tell the truth,

21   and the accuracy of their testimony is tested through the trial

22   process.  If you do any research or investigation outside the

23   courtroom, or gain any information through improper

24   communications, then your verdict may be influenced by

25   inaccurate, incomplete or misleading information that has not

26   been tested by the trial process.  Each of the parties is

27   entitled to a fair trial by an impartial jury, and if you decide

28   the case based on information not presented in court, you will

1  have denied the parties a fair trial.  Remember, you have taken

2  an oath to follow the rules, and it is very important that you

3  follow these rules.

4        A juror who violates these restrictions jeopardizes the

5  fairness of these proceedings, and a mistrial could result that

6  would require the entire trial process to start over.  If any

7  juror is exposed to any outside information, please notify the

8  court immediately.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 8**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NO. 9**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.   Do not let note-taking distract you from being attentive.   When you leave court for recesses, your notes shall be left on the seat you now occupy.

Whether or not you take notes, you should rely on your own memory of the evidence.   Notes are only to assist your memory.   You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 10**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

1

2

3                    UNITED STATES DISTRICT COURT

4                   EASTERN DISTRICT OF CALIFORNIA

5

6   UNITED STATES OF AMERICA,          No. 2:14-cr-0021-GEB

7              Plaintiff,

8        v.                            **DURING TRIAL JURY INSTRUCTIONS
                                       IF APPLICABLE**
9   OMAR KABILJAGIC,

10             Defendant.

11

12                          **INSTRUCTION NO. 1**

13        The  parties  have  agreed  what  [name  of  witness]'s

14  testimony would be if called as a witness.  You should consider

15  that testimony in the same way as if it had been given here in

16  court.

17

18

19

20

21

22

23

24

25

26

27

28

                                 19

**INSTRUCTION NO. 2**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**INSTRUCTION NO. 3**

You are about to hear evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, and absence of accident, and for no other purpose.

1

2

3

4

5               UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8    NITED STATES OF AMERICA,          No. 2:14-cr-0021-GEB

9              Plaintiff,

10        v.                           **CLOSING JURY INSTRUCTIONS**

11   OMAR KABILJAGIC,

12             Defendant.

13

14                    **INSTRUCTION NO. 1**

15        Members of the jury, now that you have heard all the

16   evidence, it is my duty to instruct you on the law that applies

17   to this case.  You may take the copy of these instructions you

18   now possess to the jury room to consult should you desire.

19        It is your duty to weigh and to evaluate all the

20   evidence received in the case and, in that process, to decide the

21   facts.  It is also your duty to apply the law as I give it to you

22   to the facts as you find them, whether you agree with the law or

23   not.  You must decide the case solely on the evidence and the law

24   and must not be influenced by any personal likes or dislikes,

25   opinions, prejudices, or sympathy.  You will recall that you took

26   an oath promising to do so at the beginning of the case.

27        You must follow all these instructions and not single

28   out some and ignore others; they are all important.  Please do

not read into these instructions or into anything I may have said
or done any suggestion as to what verdict you should return—that
is a matter entirely up to you.

**INSTRUCTION NO. 2**

The indictment is not evidence.   The defendant has pleaded not guilty to the charges.   The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.   In addition, the defendant does not have to testify or present any evidence to prove innocence.   The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION NO. 3**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


OR


The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO.4**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO. 5**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**INSTRUCTION NO. 6**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, and in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserve.

**INSTRUCTION NO. 9**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NO. 10**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

1

**INSTRUCTION NO. 11**

2          The indictment charges that the offenses alleged Counts

3   One and Two were committed "on or about" a certain date.

4          Although it is necessary for the government to prove

5   beyond a reasonable doubt that the offense was committed on a

6   date reasonably near the date alleged in Counts One and Two of

7   the indictment, it is not necessary for the government to prove

8   that the offense was committed precisely on the date charged.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 12**

You have heard testimony that the defendant made a statement.  It is for you to decide  whether the defendant made the statement, and if so, how much weight to give to it.   In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION NO. 13**

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, and absence of accident, and for no other purpose.

**INSTRUCTION NO. 14**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 15**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

1

**INSTRUCTION NO. 16**

2          The defendant is charged in the indictment with two

3    counts of filing a false claim in violation of Section 287 of

4    Title 18 of the United States Code.

5          This law makes it a crime to knowingly make a false or

6    fraudulent claim against any department or agency of the United

7    States.  The Internal Revenue Service is a department or agency

8    of the United States within the meaning of that law.

9          To find the defendant to be found guilty of this crime,

10   you must be convinced that the government has proved each of the

11   following beyond a reasonable doubt:

12          First, that the defendant knowingly presented to the

13   Internal Revenue Service a false, fictitious, or fraudulent claim

14   against the United States;

15          Second, that the defendant knew that the claim was

16   false, fictitious, or fraudulent.

17          It is not necessary to show that the government agency

18   or department was in fact deceived or misled.

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 17**

A defendant may be found guilty of Making a False, Fictitious, or Fraudulent Claim, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of Making a False, Fictitious, or Fraudulent Claim by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, Making a False, Fictitious, or Fraudulent Claim was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Making a False, Fictitious, or Fraudulent Claim;

Third, the defendant acted with the intent to facilitate Making a False, Fictitious, or Fraudulent Claim; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Making a False, Fictitious, or Fraudulent Claim.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic

39

1    opportunity to withdraw from the crime.

2              The government is not required to prove precisely which

3    defendant actually committed the crime and which defendant aided

4    and abetted.

**INSTRUCTION NO. 18**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO. 19**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that the information contained in a claim sent to the Internal Revenue Service was false, and deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the information contained in the claim submitted to the Internal Revenue Service was true, or if you find that the defendant was simply careless.

42

**INSTRUCTION NO. 20**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 21**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 22**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION NO. 23**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the United States Court Security Officer that you are ready to return to the courtroom.

**INSTRUCTION NO. 24**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone——including me——how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

47